NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WEI ZHENG; XIAOWEI ZHENG, AKA
Xiao Wei Zheng,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 17-71512

Agency Nos. A087-881-726
A205-313-602

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022[**]
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,[***]
District Judge.

Petitioners Wei Zheng (Mrs. Zheng) and Xiaowei Zheng (Mr. Zheng),

married citizens of China, seek review of the Board of Immigration Appeals' (BIA)

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Janet Bond Arterton, United States District Judge for the District
of Connecticut, sitting by designation.

decision affirming an Immigration Judge's (IJ) adverse credibility determination against them that resulted in the denial of their application for asylum and withholding of removal.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[2]

The BIA repeatedly cited to the IJ's decision and found no clear error in its reasoning on the relevant issues, so we review both decisions.  *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) ("Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions.") (citation omitted); *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006); *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) ("Thus, we refer to the Board and IJ collectively as 'the agency.'").

We review the agency's "factual findings, including adverse credibility determinations, for substantial evidence."  *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (citing *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013)).  We uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); *Manes*

---

[1] Mr. Zheng proceeded as a derivative of Mrs. Zheng's application and chose not to file his own.

[2] Because Petitioners did not raise any argument before the BIA or this court with respect to the denial of their claim for relief under the Convention Against Torture, it is waived.  *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

*v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam).  Accordingly, "only the most extraordinary circumstances will justify overturning an adverse credibility determination."  *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Here, the agency's adverse credibility determinations with respect to both Petitioners are supported by substantial evidence.  The agency did not err in relying on Petitioners' untruthful testimony before U.S. immigration officers and the immigration court as reflecting negatively on their credibility.  Moreover, Petitioners' claim of past harm centered around China's family planning policies and their alleged violation of them.  But their testimony as to the past harm they allegedly experienced (for Mrs. Zheng, the forced insertion of an intrauterine device (IUD) and forced abortion; for Mr. Zheng, multiple police detentions for protesting the family planning policies), was vague and inconsistent with the documentary evidence.

As to Mrs. Zheng, she gave false testimony before the IJ regarding whether she was truthful in her visa application and visa interview (and, despite her claim that she misunderstood the line of questioning, failed to plausibly explain her false testimony before the IJ).  *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (explaining "[t]he IJ did not have to accept [petitioner]'s unpersuasive explanations for the[] inconsistencies"); *see also Zamanov v. Holder*, 649 F.3d 969,

3

974 (9th Cir. 2011) (explaining that the agency is not compelled to accept petitioner's explanations for testimonial discrepancies). Mrs. Zheng also gave vague testimony that lacked sufficient details as to events that directly related to her alleged past harm, including details regarding when she was subjected to the forced insertion of the IUD, what medication she was prescribed for IUD-related pain, and what the name of the private company was where she allegedly worked for several years that reported her pregnancy to family planning officials. *Shrestha*, 590 F.3d at 1047–48 (upholding adverse credibility determination where the IJ "relied on factors explicitly permitted by the REAL ID Act including unresponsive and undetailed testimony, and inconsistent testimony for which there was no explanation or corroboration").

As to Mr. Zheng, his testimony regarding when he was released from police detention conflicted with the fine receipt submitted into evidence that reflected his release on a different day, and he was unable to explain this discrepancy. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (per curiam) (inconsistencies between testimonial and documentary evidence will support an adverse credibility determination). Before this court, Mr. Zheng now argues the discrepancy "may have" resulted from a scrivener's error by the police officer who issued the fine receipt. But no such explanation was given to the agency, so we lack jurisdiction to consider the unexhausted argument. *See Samayoa-Martinez v. Holder*, 558 F.3d

897, 902 n.7 (9th Cir. 2009) ("Because [Petitioner] failed to exhaust these issues before the BIA, we lack jurisdiction to consider them.") (internal citations omitted). Further, Mr. Zheng also made false statements to U.S. immigration officials, including during his consular interview and at the airport upon his arrival to the United States.

The agency's adverse credibility determinations are supported by substantial evidence.

**PETITION DENIED**.